United States District Court
Southern District of Texas
**ENTERED**
October 25, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| STAN KOZLOWKSI, ET AL., § § Plaintiffs. § § VS. § WILLIAM BUCK, ET AL., § § Defendants. § § § § § | CIVIL ACTION NO. 3:20-cv-00365 |

## ORDER AND OPINION

Defendants William Buck and Marcus Woodring have filed a Motion for Summary Judgment, along with an Appendix of documents in support of the motion. *See* Dkt. 39. Combined, the filings consist of more than 500 pages (507 pages to be exact). Defendants filed these documents under seal, without seeking leave to do so or providing any explanation as to why such voluminous documents should be sealed in their entirety. This is untenable.

"The Judicial Branch belongs to the American people. And our processes should facilitate public scrutiny rather than frustrate it. Excessive secrecy . . . undercuts the public's right of access and thus undermines the public's faith in our justice system." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). Thus, it is well-established that "the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). This right of access "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness. The right serves as a check on the integrity of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (cleaned up). Unfortunately, judicial records are all too often sealed without any showing that secrecy is warranted. It has, sadly,

become common practice in federal courts for parties filing lengthy documents to magically assume that the entire record should be shielded from public view. Because I take seriously "the judiciary's solemn duty to promote judicial transparency," *Bing Hoa Le*, 990 F.3d at 420, I flatly reject any efforts by counsel to keep documents from the public by simply labeling the documents as "confidential."

Do not misunderstand me. I fully recognize that, although "the working presumption is that judicial records should not be sealed," parties "sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* at 419. "In exercising [my] discretion to seal judicial records, [I] must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. In all cases, however, the wholesale sealing of documents without any justification will not be tolerated. It is incumbent on district courts to carefully examine—line-by-line if necessary—every document a party wants sealed to determine what should be properly kept away from the public. It is also the responsibility of the lawyers handling a case to make a concerted effort to limit the amount of information the public is unable to access. Simply because one page might contain confidential information does not mean the entire filing will be sealed. In the same vein, if one line on a five-page document contains highly sensitive information, say a social security number, that one line should be redacted. The entire document should not be kept under lock and key.

Recognizing the presumption of openness that permeates our judicial system, I order the following:

- Defendants must carefully review the Motion for Summary Judgment and Appendix, thinking long and hard about my duty to balance "the public's common law right of access [to the documents] against the interests favoring nondisclosure." *Bing Hoa Le*, 990 F.3d at 419 (quotation omitted). With these general concepts in mind, Defendants shall prepare a redacted

version of the Motion for Summary Judgment and Appendix that will be publicly filed, available for all to review.

- By 5:00 p.m. on Wednesday, November 3, 2021, Defendants must submit by email to my case manager, Ruben Castro (ruben_castro@txs.uscourts.gov), the proposed redacted version of the Motion for Summary Judgment and Appendix in .pdf form. I will then review line-by-line the proposed redactions. If I determine that all the redactions have been properly made (that is, I believe that the public's presumptive right of access is subordinated by countervailing interests favoring nondisclosure), I will have my case manager file the redacted version of the Motion for Summary Judgment and Appendix on the docket. If, on the other hand, I have concerns after reviewing the redacted version, I will hold a hearing to further discuss the issue with counsel.

- Plaintiffs' response date to the Motion for Summary Judgment is November 12, 2021. The filing of a redacted version of the Motion for Summary Judgment and Appendix does NOT extend Plaintiffs' response date.

- Defendants' Unopposed Motion for Leave to Exceed Page Limit Regarding their Motion for Summary Judgment (*see* Dkt. 38) is **GRANTED**. In the name of fairness, Plaintiffs may file a response to the Motion for Summary Judgment not to exceed 32 pages.

SIGNED this 25th day of October, 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE